CHARLES W. TAYLOR, SUPERINTENDENT OF PUBLIC INSTRUC-
TION, APPELLEE, V. SCHOOL DISTRICT OF THE CITY OF
LINCOLN, APPELLANT: SCHOOL DISTRICT NO. 1, SARPY
COUNTY, ET AL., INTERVENERS, APPELLANTS.

FILED FEBRUARY 26, 1935. NO. 29230.

*Paul F. Good,* Attorney General, *Daniel Stubbs,
R. O. Williams, G. E. Price, Frank H. Woodland* and *J. E.
Porter,* for appellants.

*Peterson & Devoe,* contra.

Heard before GOSS, C. J., ROSE, GOOD, EBERLY, DAY and
PAINE, JJ., and ELDRED, District Judge.

GOOD, J.

State superintendent of public instruction brought this
action, seeking a declaratory judgment determining the
constitutionality of several provisions of chapter 144,
Laws 1933. By this action plaintiff seeks to be advised as
to his duties in the apportionment and distribution of
school funds. Four school districts intervened and joined
defendant in urging the constitutionality of said chapter
144. The trial court determined that several provisions
of said chapter are violative of different provisions of the
state Constitution, and that the act is, therefore, invalid
in part. Defendant and interveners have appealed.

Chapter 144, Laws 1933, directs the payment out of
state school funds of the tuition of children attending
school in this state, whose parent is engaged in the service
of the United States army, navy or marine corps, while

stationed in this state. So far as we are advised, defendant and interveners are the only school districts, out of more than 6,000 in the state, that would be beneficially affected by said chapter, if valid.

Plaintiff contends that said chapter 144, Laws 1933, violates several provisions of the state Constitution. Section 4, art. VII of the Constitution, provides that the rental and income from school lands and permanent school funds "shall be exclusively applied to the support and maintenance of common schools in each school district in the state." Section 7, art. VII of the Constitution, reads: "Provision shall be made by general law for equitable distribution of the income of the fund set apart for the support of the common schools among the several school districts of the state." Section 9, art. VII of the Constitution, *inter alia,* provides: "All funds belonging to the state for educational purposes, the interest and income whereof only are to be used, shall be deemed trust funds held by the state. * * * And such funds with the interest and income thereof, are hereby solemnly pledged to the purposes for which they are granted and set apart, and shall not be transferred to any other fund for other uses."

In 1931 the legislature enacted chapter 150, Laws 1931, which required the state of Nebraska to pay the tuition of children attending school in this state, where the parent of such child or children is engaged in the service of the United States army, navy or marine corps stationed in this state. It was also sought, by section 3 of that act, to pay the tuition out of the school fund. That act never became operative and effective, first, because no appropriation was made by the state for payment out of the general fund, and, second, because the act, in the opinion of the attorney general, was in conflict with another section of the statute directing the state superintendent in the distribution of state school funds. Apparently, the opinion of the attorney general was acquiesced in, and chapter 144, Laws 1933, was enacted, which sought to amend section 79-520, Comp. St. Supp. 1931, being section 3 of

chapter 150, Laws 1931, and to amend sections 79-1609 and 79-2002, Comp. St. 1929. It may be remarked that if section 79-520, Comp. St. Supp. 1931, is unconstitutional, as held by the attorney general, then it would not be the subject of amendment, and any attempt to amend a void act would, in itself, be a nullity. However, we think it unnecessary to pass upon the question of whether section 79-520, Comp. St. Supp. 1931, is unconstitutional.

The constitutional provisions above quoted show that the people of Nebraska, in adopting the Constitution, have solemnly declared that the state school fund shall be a trust fund and can be used only for the purposes specified in the constitutional provisions. Section 7, art. VII of the Constitution, requires that the income derived from the funds set apart for the support of the common schools shall be equitably distributed among the several school districts of the state, and that provision therefor shall be made by general law. The question then arises whether the payment out of state school funds of the tuition of children attending school in this state, whose parent is engaged in the service of the United States army, navy or marine corps, while stationed in this state, as directed by chapter 144, Laws 1933, is an equitable distribution among the districts. The term "equitable" is defined in Webster's New International Dictionary as meaning "According to natural right or natural justice; marked by a due consideration for what is fair, unbiased, or impartial; fair; just." The synonyms are given as "Just, fair, reasonable, right, honest, upright."

The tuition to be paid under the provisions of the act in question amounts to $3 per week for pupils in the high school and $1 per week for those in the grades below high school. The usual annual term of school in the several districts is 36 weeks. It is apparent that if the act in question can be upheld, then one of the affected school districts, if one of the designated children whose tuition is to be paid is in the high school, may draw $108 per annum, should the pupil attend the full 36 weeks, and for a

child in a grade below high school $36 per annum may be drawn. As a matter of fact, the combined semiannual distribution of the income of the permanent school fund to the districts averages less than $2 per individual pupil. It is apparent, therefore, that the districts which are furnishing school facilities to the children whose parent is engaged in the service of the United States army, navy or marine corps would receive from $36 to $108 per annum for each of such pupils, while the other districts, not furnishing such facilities, would receive less than $2 per annum for each pupil. It cannot reasonably be said that this provides for an equitable distribution.

There is another reason why the payment of the tuition, as provided, is inequitable. It is a fact that in some instances, and perhaps in most, the very children whose tuition is sought to be paid are enumerated as children residing in the district, and a proportion of the school fund is apportioned to that district for such children, and at the same time the total cost of educating such children is taken from the school fund. It certainly is inequitable for such district to draw an appropriation based on enumeration of such children, and, at the same time, take from the school fund the full cost of the education of such children.

If the legislature may provide for the payment to certain districts for the tuition of children whose parent is engaged in the service of the United States army, navy or marine corps, it could also provide for the payment of tuition of children of state or county officers or state employees who might be stationed at some place other than that of their legal residence, and require such payments to be taken from the school fund. If tuition can be paid because the parent did not pay any taxes, then any school district in which there were indigent parents, having children of school age, might require the tuition of such children to be paid from the school fund. If we are to determine what is fair and equitable by the needs of the district, then, if a school district has constructed an expensive and commodious building, issued bonds therefor

and burdened itself with heavy taxes, special provision might be made for such district; but, in our opinion, that is not the sense in which the word "equitable" is used in the constitutional provision. Heretofore, it has been applied on the basis that the school fund should be distributed to the several districts in proportion to the school children enumerated and living in the district. Such has been the interpretation given the provision for many years. We are satisfied that it was in that sense that the word was used by the framers of the Constitution. The payment out of the school fund to any district for the tuition. of children who do not belong in the district is not an equitable distribution of the school fund, within the meaning of the Constitution.

We have no doubt that the state may require school districts to furnish educational facilities to children whose parent is engaged in the service of the United States army, navy or marine corps stationed in Nebraska, and that it may provide for the cost of education of such children out of the funds of the state, but the legislature may not use the school fund of the state for such purpose, because it is forbidden under the constitutional provisions above quoted.

In so far as chapter 144, Laws 1933, provides for payment out of the school fund of tuition of children whose parent is engaged in the service of the United States army, navy or marine corps stationed in Nebraska to the district furnishing such educational facilities, the act is in violation of section 7, art. VII of the Constitution, and inoperative.

The judgment of the district court is right and is

AFFIRMED.